**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TIMOTHY DUGDALE,** <br><br> Plaintiff, <br><br> v. <br><br> **CUSTOMS AND BORDER PROTECTION, et al.,** <br><br> Defendants. | Case No. 1:17-cv-00418 (CRC) |

## MEMORANDUM OPINION

Plaintiff Timothy Dugdale filed this *pro se* petition for habeas corpus on March 8, 2017. The petition relates to an earlier habeas petition filed by Mr. Dugdale in this Court, in which he challenged among other things an expedited removal order entered against him by U.S. Customs and Border Protection ("CBP"). See Dugdale v. CBP, 88 F. Supp. 3d 1 (D.D.C. 2015). The Court in 2015 partially granted CBP's motion to dismiss that petition. See id. Before the action could proceed any further, however, CBP informed the Court that it had vacated Mr. Dugdale's removal order and contended that the case was therefore moot. The Court agreed and dismissed the action in its entirety. See Dugdale v. CBP, 2015 WL 2124937 (D.D.C. May 6, 2015). The D.C. Circuit affirmed that dismissal. Dugdale v. Lynch, 672 F. App'x 35 (D.C. Cir. Oct. 25, 2016).

In the habeas petition currently before the Court, Mr. Dugdale alleges that the vacated removal order continues to adversely affect him, and thus seeks to have the order "expunged" from his record. He also requests a declaratory judgment stating that he is a U.S. citizen.[1] This

---

[1] Dugdale has filed his motion for declaratory judgment "independent of [his] habeas petition" but without paying the filing fee applicable to non-habeas civil actions. Mot. Declaratory Judgment at 2. The Court will consider this motion in the interest of judicial

Court previously held that, whatever the merits of Dugdale's claims, his action was not a proper habeas petition and ordered him to pay the filing fee for civil actions in order for the case to proceed. See Minute Order, May 16, 2017. But after Mr. Dugdale moved for reconsideration, the Court allowed the case to proceed as a habeas petition "so as to give petitioner an opportunity to establish that the Court has jurisdiction over his claim, pursuant to 8 U.S.C. § 1252(e)(2) or otherwise, that he is entitled to 'expungement' of the vacated order of expedited removal and associated monetary relief." Minute Order, June 9, 2017. The Government subsequently moved to dismiss Dugdale's petition, and Dugdale responded.[2] After considering both parties' arguments, the Court will dismiss the case in its entirety.

To the extent Mr. Dugdale seeks to bring this latest petition under the general federal habeas statute, 28 U.S.C. § 2241, both this Court and the Sixth Circuit have already made clear to Mr. Dugdale that a district court lacks jurisdiction over such a petition if the petitioner is not "in custody" when he files it. Minute Order, May 16, 2017; Dugdale v. CBP, No. 13–1976 (6th Cir. Apr. 7, 2014). Despite offering some creative arguments to the contrary, Dugdale still is not in custody, and thus cannot bring a habeas petition under § 2241.

Dugdale's other claims are presumably brought under the REAL ID Act of 2005, 8 U.S.C. § 1252(e)(2), which allows for habeas petitions to challenge expedited removal orders on

---

economy because it raises largely the same arguments as the habeas petition. The Court will not, however, consider any future non-habeas civil filings from Mr. Dugdale without the proper filing fee.

[2] Dugdale has made six separate filings in response to the Government: an opposition to the motion to dismiss (ECF No. 17), a supplemental response (ECF No. 19), a notice of supplemental authority (ECF No. 20), a surreply (ECF No. 22), a motion to amend/correct his petition (ECF No. 23), and a motion to withdraw his motion to amend/correct his petition (ECF No. 25). The Court has reviewed and considered all these filings and has construed Dudgale's arguments liberally in consideration of his *pro se* status.

a limited set of grounds. These claims are barred by res judicata (for claims arising out of the same transaction or occurrence that have already been decided on the merits) or by collateral estoppel (for issues essential to a previous judgment that have already been litigated and decided). The purpose of both res judicata and collateral estoppel is to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate." Montana v. United States, 440 U.S. 147, 153–54 (1979). All of the claims and issues Dugdale raises in his petition and motion for declaratory judgment have been fully and fairly litigated in prior cases. First, Dugdale again argues that he is entitled to U.S. citizenship. This Court and the D.C. Circuit have already held that he is not.[3] 88 F. Supp. 3d at 5; 672 F. App'x at 36. Next, he claims that his expedited removal order should be expunged. The D.C. Circuit has already rejected this argument, which Dugdale argued in his appeals briefs. Reply Brief of Appellant at 9, 672 F. App'x at 36. Third, Dugdale repeats arguments about the potential impact of the now-vacated removal order, which the D.C. Circuit has already found moot.[4] Id. And finally, Dugdale

---

[3] Dugdale argues that changes in case law now alter the merits of his citizenship claim. However, none of the cases Dugdale cites has any bearing on his claim, which turns on whether U.S. law distinguished between adopted and biological children at the time of his birth. See, e.g., Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017) (gender-based distinction of §§ 1401 and 1409 of Immigration and Nationality Act violates equal protection); Maslenjak v. United States, 137 S. Ct. 1918 (2017) (in order to secure a criminal conviction under § 1425(a), Government must establish that defendant's illegal act played a role in someone's acquisition of citizenship); Obergefell v. Hodges, 135 S. Ct. 2584 (2015) (same-sex marriage is right protected by Due Process and Equal Protection clauses of the Fourteenth Amendment); Pavan v. Smith, 137 S. Ct. 2075 (2017) (Arkansas law treating same-sex couples differently from opposite sex couples was unconstitutional).

[4] In addition to being barred by collateral estoppel, the Court does not have jurisdiction to review either this claim or Dugdale's expungement claim in a habeas petition under § 1252(e)(2)(A)–(C), which limits judicial review to three specific questions: (1) whether the petitioner is an alien; (2) whether the petitioner was ordered removed; and (3) whether the petitioner can prove that he is an alien lawfully admitted for permanent residence. See 8 U.S.C. § 1252(e)(2)(A)–(C).

challenges the constitutionally of expedited removals, an argument this Court already found it lacks jurisdiction to consider because it was not brought within the 60 day time period as required by § 1252(e)(3)(B).[5] 88 F. Supp. 3d at 8.

Finally, Dugdale seeks attorneys' fees through the Equal Access to Justice Act (EAJA). However, because attorneys' fees are not available under the EAJA for *pro se* plaintiffs, the Court will deny Dugdale's request. See <u>Kooritzky v. Herman</u>, 178 F.3d 1315, 1321 (D.C. Cir. 1999).

For the foregoing reasons, the Court will deny Plaintiff's Petition for Writ of Habeas Corpus and Motion for Declaratory Judgment, and grant Defendants' Motion to Dismiss. A separate Order accompanies this Memorandum Opinion.

Date: <u>March 12, 2018</u>

CHRISTOPHER R. COOPER
United States District Judge

---

[5] Dugdale's argument that the 60-day clock should reset "any time the executive or the legislative branch tinker with or modify the expedited removal system" is unavailing because Dugdale only has standing to challenge the constitutionality of a "section, regulation, directive, guideline, or procedure" that has harmed him specifically. See U.S. Const. art. III; <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 563 (1992).